UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARILYN JONES,<br><br>Plaintiff,<br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 2:26-cv-02193-LK<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court sua sponte. On May 19, 2024, Plaintiff Marilyn Jones filed a complaint for monetary relief in Snohomish County Superior Court. Dkt. No. 1-1 at 1. On June 24, 2026, Defendant State Farm Mutual Automobile Insurance Company removed Jones' complaint to this Court on the basis of diversity jurisdiction. Dkt. No. 1 at 1–3 (citing 28 U.S.C. § 1332). However, the record does not show that the amount in controversy requirement is met. For the reasons discussed below, the Court orders State Farm to show cause why this case should not be remanded for lack of subject matter jurisdiction.

Removal of a civil action to federal district court is proper when the federal court would have original jurisdiction over the state court action. 28 U.S.C. § 1441(a). Federal jurisdiction exists over all civil actions where the matter in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). Defendants bear the burden of establishing that removal is proper, *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009), and the removal statutes are strictly construed against removal jurisdiction, *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056-57 (9th Cir. 2018). Furthermore, where, as here, "the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006).

To determine if the amount in controversy is met, a district court considers the complaint, the allegations in the removal petition, and "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (citation modified). The notice of removal, however, need not "prove" subject matter jurisdiction: "the fact that the party removing a case to a federal district court has the burden of proving that the district court has jurisdiction does not mean that the notice of removal must in and of itself meet this burden." *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068–69 (9th Cir. 2021). Only when the plaintiff contests—or, as here, the district court questions—a defendant's allegations, must the defendant produce evidence establishing the amount in controversy. *Dart Cherokee Basin Operating Co.*, 574 U.S. 81, 89 (2017); *see* 28 U.S.C. § 1446(c)(2)(B). If at any time a district court determines that "less than a preponderance of the evidence supports the right of removal, it must remand the action to state court." *Hansen*, 902 F.3d at 1057; *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (explaining that doubts as to removability are resolved in favor of remand).

The record fails to demonstrate that the $75,000 threshold is satisfied. Jones does not specify any amount of damages in her complaint, and she asserts only repairable damages to her automobile (apparently without physical injuries to herself). Dkt. No. 1-1 at 2. State Farm contends that the amount in controversy is met because Jones seeks benefits due under the insurance contract, economic and non-economic damages, exemplary damages, attorney's fees and costs, and "[a]ny other remedy the court deems just and equitable." Dkt. No. 1 at 3 (quoting Dkt. No. 1-1 at 5). State Farm assigns no monetary amount to any of these categories of damages. State Farm also states that "[i]n an email of June 10, 2026, Plaintiffs' attorney specifically confirmed that the amount in controversy for removal based on diversity jurisdiction 'is in excess of $75,000.'" *Id.* However, that email exchange sheds no light on the amount in controversy. State Farm's attorney wrote, "From your perspective, is the amount in controversy $75,000 or more, exclusive of interest and costs? Obviously, I am asking so as to determine whether the case is removable to Federal Court." Dkt. No. 2-3 at 3. Plaintiff's counsel responded, "The amount in controversy is in excess of $75,000" without elaboration. *Id.* at 2. Although a settlement demand can be "relevant evidence of the amount in controversy," it must "appear[] to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (per curiam); *see also Briggs v. Serv. Corp Int'l*, 653 F. Supp. 3d 839, 844 (W.D. Wash. 2023).

Here, the referenced email is not a settlement demand, and it is conclusory. As such, it does not appear to reflect a reasonable estimate of Jones' damages. The notice of removal's assumption that Jones "seeks an amount in excess of $75,000.00, exclusive of interest and costs," Dkt. No. 1 at 3, is also conclusory. A removing defendant's conclusory allegations will not suffice to overcome the traditional presumption against removal jurisdiction. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375–77 (9th Cir. 1997).

Moreover, when, as here, the parties dispute the applicability of the policy to a particular occurrence—rather than the validity of the policy itself—"the jurisdictional amount in controversy is measured by the value of the underlying claim—not the face amount of the policy." *Schmale v. State Farm & Cas. Co.*, No. 2:23-cv-01114-GMN-NJK, 2023 WL 7130567, at *2 (D. Nev. Oct. 30, 2023) (quoting Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure, vol. 14B, § 3710, 264 (3d ed., West 1998)). Thus, the value of the claim, not the policy limit, determines the amount in controversy. *Id.*; *see also Tesfay v. United Fin. Cas. Co.*, No. 2:22-cv-01687-TL, 2023 WL 2554163, at *1 (W.D. Wash. Mar. 17, 2023) (noting that "the mere fact that the policy limits exceed the $75,000 threshold for diversity jurisdiction does not show what the amount in controversy in this action actually is"). Additionally, even if the Court considers the potential for treble damages and attorney's fees, State Farm has not demonstrated that these other forms of relief requested by Jones satisfy the amount in controversy requirement absent the value of the underlying claim.

Accordingly, within 14 days of the date of this Order, State Farm is ORDERED to SHOW CAUSE why this case should not be dismissed for lack of subject matter jurisdiction. Failure to do so will result in remand. *See* Fed. R. Civ. P. 12(h)(3).

Dated this 3rd day of August, 2026.

Lauren King
United States District Judge